**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**EDITH MAE MAY,**

    **Plaintiff,**

v.                                                                         Case No. 19-CV-1236

**DEPARTMENT OF CORRECTIONS and
TAYCHEEDAH CORRECTIONAL INSTITUTION,**

    **Defendants.**

---

**ORDER ON PLANITIFF'S MOTION TO PROCEED WITHOUT
PREPAYMENT OF THE FILING FEE
AND SCREENING THE COMPLAINT**

---

Plaintiff Edith Mae May, who is confined at Taycheedah Correctional Institution and who is representing herself, filed a complaint against defendants alleging their policies for providing office supplies for indigent prisoners are illegal. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Nonetheless, I have jurisdiction to screen the complaint under the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

May has also filed a motion for a temporary restraining order and preliminary injunction asking the court to enjoin defendants from indirectly making

her pay for office supplies. Additionally, she has also filed two motions for extension of deadlines. I will address each in turn.

1. *Motion to Proceed without Prepayment of the Filing Fee and Motions for Extension of Deadlines*

The Prison Litigation Reform Act gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the prisoner pay an initial partial filing fee.

On August 27, 2019, I ordered May to pay an initial partial filing fee of $1.76 by September 18, 2019. On October 2, 2019, May still had not paid the initial partial filing fee, so I ordered her to either explain why she was not able to pay the fee or pay the fee by October 23, 2019. Instead of paying the filing fee, she filed two motions for extensions of deadlines. However, she did not explicitly ask for the deadline to pay the initial partial filing fee be extended. As such, I issued another order to show cause on November 18, 2019 and gave May until December 5, 2019 to pay the initial partial filing fee. May paid the initial partial filing fee December 9, 2019. Accordingly, I will grant May's motion. She must pay the remainder of the filing fee over time in the manner explained at the end of this order. I will also deny May's motions for extensions of deadlines as moot because there are no active deadlines in this case.

2. *Temporary Restraining Order and Preliminary Injunction*

May filed a temporary restraining order asking me to enjoin the defendants from indirectly making her pay for office supplies. ECF No. 4. She states that

defendants, since 2016, have been taking money out of her prisoner account for the repayment of legal loans. She asserts that part of the money for repayment of her legal loans is going towards paying for office supplies like pens, paper, and stamps that she needs for filing legal documents. She further states that such supplies should be provided to her by the state at no cost because she is indigent. She asserts that having to pay back these legal loans leaves her no money for hygiene products because she only makes between $0.01-$0.35 every two weeks. She argues that because she is in essence paying for her supplies, the defendants should be enjoined from taking money for repayment of her legal loans out of her account and should be ordered to reimburse her for all payments she has made to date.

A preliminary injunction or temporary restraining order is "an extraordinary remedy" that a court may grant only after a "clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7. 22 (2008). To make such a showing, the plaintiff must show that 1) her underlying case has some likelihood of success on the merits; 2) no adequate remedy at law exists; and 3) she will suffer irreparable harm without the injunction. *Wood v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If the plaintiff makes that showing, then the court must balance the harm to each party and to the public interest caused by granting or denying the injunction. *Id. See also Korte v. Sebelius*, 735 F.3d 654 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809 813 (7th Cir. 1999).

I will not grant May the requested injunction. She has not shown that her underlying case has some likelihood of success on the merits. At best, being

3

required to pay for office supplies would be an access-to-courts claim under the Fifth Amendment. While it "'is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents . . .and with stamps to mail them," *Owens v. Evans*, 878 F.3d 559, 564 (7th Cir. 2017) (quoting *Bounds v. Smith*, 430 U.S. 817, 824-25 (1977)), if an inmate alleges she was denied these supplies, to prevail on an access-to-courts claim, she "must also allege the prejudice [s]he suffered as a result of the alleged denials." *Stathas v. Smith*, 2018 WL 6033493 at *2 (E.D. Wis. Nov. 16, 2018) (citing *Marshall v. Knight,* 445 F.3d 965, 969-70 (7th Cir. 2006)). By denying the inmate supplies, the defendants "must have done more than merely inconvenienced [her]; they must have 'caused a potentially meritorious claim to fail.'" *Id.* (quoting *Marshall*, 445 F.3d at 969.) And the claim cannot be based "on speculation that [s]he would suffer some unspecified future harm," but must be based on "an actual or imminent injury." *Marshall* 445 F.3d at 969-670.

In both her motion for temporary restraining order and her complaint (discussed below), May fails to allege that she suffered any prejudice as a result of being required to indirectly pay for office supplies by paying back her legal loans. She does not describe how this has impacted her ability to successfully litigate her cases. At most, she alleges inconvenience and financial hardship.

Even if she did sufficiently allege facts that demonstrate she would have some likelihood of success on the merits, she does not demonstrate that she would suffer irreparable harm without the injunction. The apparent harm is that the

4

defendants are erroneously taking money from her account. This is not irreparable because the remedy is to simply reimburse May the expenses if the withdrawals are indeed erroneous. As such, I will deny her motion for a temporary restraining order and preliminary injunction.

3.  *Screening of the Complaint*

    3.1  Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States, and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and it holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

3.2   Allegations in the Complaint and Analysis

May's complaint, compared to her motion for a temporary restraining order and preliminary injunction, contains few allegations. She states that she is indigent, that she cannot afford hygiene products, and that she has paid for office supplies through legal loans. There are also parts of May's complaint that are illegible.

Normally, I would request that May file an amended complaint to provide me with more details, in particular details regarding the harm she suffered. However, her TRO motion contains enough facts for me to determine that even if she had included those details in her complaint, she would still fail to state a claim upon which relief could be granted. As I discussed above, the TRO motion provides more detail about how the defendants are indirectly making May pay for office supplies

and, unlike the complaint, contains allegations about the harm she has suffered—mainly that because the defendants are taking money out of her account to pay back the legal loans, she is left with little money in her account. As I stated while considering the TRO motion, this does not state a claim under the Fifth Amendment. While she alleges that she had to indirectly pay for office supplies, which arguably under the law and policy should be provided for free, to successfully state a claim, she must also allege how she was prejudiced by that, and she fails to do so. Accordingly, May's complaint will be dismissed for failure to state a claim upon which relief can be granted.

**THEREFORE, IT IS ORDERED** that May's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that May's motions for extension of deadlines (ECF Nos. 10 and 11) are **DENIED as moot** because there are no active deadlines in the case.

**IT IS FURTHER ORDERED** that May's motion for temporary restraining order and preliminary injunction is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of May shall collect from her institution trust account the $348.24 balance of the filing fee by collecting monthly payments from May's prison trust account in an amount equal to 20% of the preceding month's income credited to her trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If May is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with her remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where May is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal

Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 10th day of January, 2020.

BY THE COURT:

s/ *Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge